UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JEFF POFF,

Plaintiff,

v. Case No. 25-cv-1110-pp

THOMAS NELSON, *et al.*,

Defendants.

---

**ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON EXHAUSTION GROUNDS (DKT. NO. 18), DENYING PLAINTIFF'S MOTIONS FOR SANCTIONS (DKT. NOS. 23, 33, 39), DENYING PLAINTIFF'S MOTIONS FOR INJUNCTIVE RELIEF (DKT. NO. 24, 33), DENYING AS MOOT PLAINTIFF'S MOTION FOR EXTENSION OF TIME (DKT. NO. 33), GRANTING PLAINTIFF'S MOTION FOR CLARIFICATION (DKT. NO. 35) AND DENYING PLAINTIFF'S EMERGENCY MOTION TO COMPEL (DKT. NO. 39)**

---

Plaintiff Jeff Poff, who is incarcerated at Waupun Correctional Institution and is representing himself, filed this case alleging that the defendants had violated his constitutional rights. The court screened the complaint and allowed the plaintiff to proceed on an Eighth Amendment excessive force claim against defendants Sergeant Nelson, Lieutenant Collins and Officers Thill, Martin and Bloomberg, and a retaliation claim against defendant Nelson. Dkt. No. 12 at 8. The defendants have filed a motion for partial summary judgment on exhaustion grounds, dkt. no. 18, and the plaintiff has filed a motion for sanctions, dkt. no. 23, a motion for injunctive relief, dkt. no. 24, a motion for extension of time, sanctions and injunctive relief, dkt. no. 33, a motion for clarification, dkt. no. 35, and an emergency motion to compel discovery and for sanctions, dkt. no. 39. This decision addresses these motions and sets new deadlines for the parties to complete discovery and file motions for summary

judgment on the merits of the plaintiff's remaining excessive force claim against defendant Nelson.

## I. Defendants' Motion for Partial Summary Judgment on Exhaustion Grounds (Dkt. No. 18)

### A. Facts

The plaintiff was incarcerated at Waupun Correctional Institution during the events described in the complaint. Dkt. No. 20 at ¶1. He submitted one inmate complaint related to his allegations in this case. Id. at ¶2. In inmate complaint WCI-2025-6356, the plaintiff stated, "This is an excessive force claim against Sgt. Nelson," and he stated that Nelson had tried to break his neck and punch his sides. Id. at ¶3. The plaintiff also said that the "assault stopped" once Martin and Bloomberg "arrived." Id. at ¶4. The inmate complaint did not complain of excessive force by anyone other than Nelson or assert that Nelson had acted in retaliation for prior lawsuits the plaintiff had filed. Id. at ¶5.

The institution complaint examiner (ICE) recommended that the complaint be dismissed because the plaintiff's allegations already had been brought to the attention of supervisory staff and were under review, and there was no need for the ICE to conduct a simultaneous investigation. Dkt. No. 21-2 at 2. The reviewing authority accepted the recommendation and dismissed the complaint. Id. at 3. The plaintiff's appeal to the corrections complaint examiner (CCE) was dismissed because the matter had been referred for an external use-of-force review. Id. at 5-6.

### B. Discussion

#### 1. *Summary Judgment Standard*

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Anderson v. Liberty

Lobby, Inc., 477 U.S. 242, 248 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); Ames v. Home Depot U.S.A., Inc., 629 F.3d 665, 668 (7th Cir. 2011). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." See Anderson, 477 U.S. at 248. A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

A party asserting that a fact cannot be, or is, genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

2. *Analysis*

The defendants contend the plaintiff did not exhaust his administrative remedies with respect to his excessive force claims against defendants Collin, Martin, Thill and Bloomberg or his retaliation claim against defendant Nelson. Dkt. No. 19 at 9. The defendants assert that the case should proceed only on an excessive force claim against Nelson. Id. at 10.

The plaintiff responds that he would like to dismiss without prejudice defendants Bloomberg, Martin and Collins. Dkt. No. 28 at 3. He contends that he exhausted his administrative remedies with respect to the excessive force

claim and that with regard to his retaliation claim, he named defendant Nelson in his appeal to the corrections complaint examiner. Id. at 5. The plaintiff asserts that the ICE, C. Schmude, caused him to abandon his claims of retaliation against Nelson, which is why he was forced to bring those claims up in his appeal. Id. at 6.

The defendants reply that the plaintiff's assertion that he raised claims in his appeal to the CCE must fail because the appeal did not raise the issue of a protected act or a retaliatory motive by Nelson and because, although it mentioned Thill, it did so in the context of Nelson recounting what had happened, not of Thill personally exercising excessive force. Dkt. No. 36 at 1. The defendants also contend that an incarcerated individual cannot raise an issue for the first time in an administrative appeal; the appeal must be limited to the issue raised in the original complaint. Id. at 2 (citing Wis. Admin. Code §DOC 310.09(2)(g)).

The Prison Litigation Reform Act (PLRA) provides that an incarcerated individual cannot assert a cause of action under federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a); see also Woodford v. Ngo, 548 U.S. 81, 93 (2006) (holding that the PLRA requires proper exhaustion of administrative remedies). Exhaustion requires that an incarcerated person comply with the rules applicable to the grievance process at his institution. Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002). This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). The objective of §1997e(a) is to permit the institution's "administrative process to run its course before litigation begins." Dole v. Chandler, 438 F.3d

804, 809 (7th Cir. 2006) (quoting Cannon v. Washington, 418 F.3d 714, 719 (7th Cir. 2005)); see also Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006). The Seventh Circuit applies a "strict compliance approach to exhaustion" and expects incarcerated individuals to adhere to "the specific procedures and deadlines" established by the institution's policy. Dole, 438 F.3d at 809; see also Hernandez v. Dart, 814 F.3d 836, 842 (7th Cir. 2016) (citations omitted). Because exhaustion is an affirmative defense, the defendants bear the burden of proving that the plaintiff failed to exhaust. Pavey v. Conley, 544 F.3d 739, 740-41 (7th Cir. 2008) (citing Jones v. Bock, 549 U.S. 199, 216 (2007)).

The Inmate Complaint Review System (ICRS) within the Wisconsin prisons is the administrative remedy available to incarcerated individuals with complaints about prison conditions or the actions of prison officials. Wis. Admin. Code §DOC 310.01(2)(a). Before an incarcerated person may commence a civil action, he must exhaust all administrative remedies that the Department of Corrections (DOC) has promulgated by rule. Wis. Admin. Code §DOC 310.05. The ICRS is available for incarcerated individuals to "raise issues regarding policies, living conditions, or employee actions that personally affect the inmate or institution environment." Wis. Admin. Code §DOC 310.06(1).

To use the ICRS, an incarcerated person must file a complaint with the ICE within fourteen days after the event giving rise to the complaint. Wis. Admin. Code §DOC 310.07(2). Complaints submitted later than fourteen days after the event may be accepted for good cause. Id. The ICE must accept, return or reject a complaint. Wis. Admin. Code §DOC 310.10(2). After reviewing and acknowledging each complaint in writing, the ICE either rejects the complaint or sends a recommendation to the "appropriate reviewing authority," who may recommend that the complaint be affirmed or dismissed in whole or

in part. Wis. Admin. Code §§DOC 310.10(9) & 310.10(12). Within fourteen days after the date of the decision, an incarcerated individual may appeal the reviewing authority's decision to the CCE. Wis. Admin. Code §DOC 310.09(1). The CCE reviews the appeal and makes a recommendation to the Secretary of the DOC. Wis. Admin. Code §DOC 310.12(9). The Secretary affirms or dismisses the CCE's recommendation, or returns the appeal to the CCE for further investigation. Wis. Admin. Code §DOC 310.13(2).

"The PLRA exhaustion requirement ensures that 'a prison has received notice of, and an opportunity to correct, a problem' before being drawn into litigation." Jackson v. Esser, 105 F.4th 948, 958-59 (7th Cir. 2024) (quoting Turley v. Rednour, 729 F.3d 645, 650 (7th Cir. 2013)). Assuming that an incarcerated individual has taken all the administrative steps, his "complaint will suffice for exhaustion purposes if it provides notice to the prison of 'the nature of the wrong for which redress is sought.'" Id. at 959 (quoting Schillinger v. Kiley, 954 F.3d 90, 995 (7th Cir. 2020)).

In his inmate complaint, the plaintiff stated that he brought an excessive force claim against Nelson. He did not complain of misconduct by the other defendants and, in fact, the inmate complaint says that the "assault stopped" after the other defendants arrived. The complaint did not give the institution fair notice of, or any opportunity to investigate, alleged excessive force by the other defendants. The plaintiff failed to exhaust his excessive force claim against any defendant other than Nelson. See Lockett v. Bonson, 937 F.3d 1016, 1027 (7th Cir. 2019) (inmate complaints must give institution opportunity to investigate and repair issue). The inmate complaint also did not allege that Nelson's excessive force was motivated by retaliation, nor did it say anything about previous lawsuits the plaintiff had filed. The plaintiff did not

exhaust his retaliation claim against Nelson. See Schillinger, 954 F.3d at 995; Price v. Friedrich, 816 F. App'x 8, 10 (7th Cir. 2020) (incarcerated individual's retaliation claim not exhausted because grievances did not alert prison officials to plaintiff's belief that legal materials were destroyed in retaliation for grievances he filed).

The plaintiff contends that he exhausted his excessive force claim against Thill and his retaliation claim against Nelson because he referenced them in his appeal to the CCE. But raising an issue for the first time in an appeal does not fully exhaust a claim. See Lockett v. Cox, Case No. 16-cv-601, 2018 WL 1108703, at *5 (W.D. Wis. Feb. 27, 2018) (collecting cases); Monroe v. Koren, Case No. 20-cv-229, 2021 WL 6197838, at *6 (E.D. Wis. Dec. 30, 2021) (raising a new issue in appeal to the CCE is not sufficient to exhaust administrative remedies); see also Wis. Admin. Code §DOC310.12(3) (the CCE will only address issues raised in the original complaint).

Although it is not entirely clear, the plaintiff appears to assert that he submitted an inmate complaint that raised his excessive force claim against Thill and his retaliation claim against Nelson, but that the complaint was returned or rejected so he was forced to raise those issues in his appeal. To exhaust under Wisconsin's prison rules, inmate complaints must "[c]ontain only one issue per complaint, and . . . clearly identify the issue." Wis. Admin. Code. §DOC 310.09(1)(e). An inmate complaint that is dismissed for procedural reasons, rather than addressed on the merits, does not exhaust an incarcerated individual's administrative remedies. See Conyers v. Abitz, 416 F.3d 580, 584 (7th Cir. 2005) (citing Pozo, 286 F.3d at 1025); see also Durley v. Kacyon, Case No. 21-cv-154, 2022 WL 16530885, at *6 (E.D. Wis. Oct. 29, 2022). The plaintiff does not say that he resubmitted a complaint raising only

the issue of his claims against the defendants. Although the complaint may have been submitted more than fourteen days after the event giving rise to the complaint, a late complaint could have been accepted for good cause. See Wis. Admin. Code §DOC 310.07(2).

The plaintiff failed to exhaust his administrative remedies as to his excessive force claim against Collin, Martin, Thill and Bloomberg and as to his retaliation claim against Nelson. The court will grant the defendants' motion for partial summary judgment on exhaustion grounds. Below, the court will set new deadlines for the parties to complete discovery and file motions for summary judgment on the merits of the plaintiff's remaining excessive force claim against Nelson.

## II. Plaintiff's Motion for Sanctions (Dkt. No. 23)

The plaintiff has filed a motion asking the court to impose sanctions for the defendants' failure to produce discovery; he states that he submitted a request for video footage from the alleged excessive force incident and that the defendants have not yet provided him with the footage despite having responded to other discovery requests. Dkt. No. 23 at 1-2. The plaintiff states that he needs this evidence to prove his claims. Id. He asks the court to fine the defendants for failing to provide him with the video footage. Id. at 4.

The defendants respond that the court should deny the plaintiff's motion because he has not asserted that he conferred with them before filing the motion. Dkt. No. 31 at 2. The defendants also contend that the videos must be converted using specialized software which is a time-intensive process and that they will produce the video once the conversion is complete. Id. The defendants state that the plaintiff "cannot show any prejudice from the relative delay in producing the video." Id.

The plaintiff may file a motion to compel discovery if the defendants fail to make a discovery disclosure or fail to cooperate in discovery. See Fed. R. Civ. P. 37(a). But before filing a motion to compel, the plaintiff must confer with the defendants' lawyer to try to resolve the issue without court intervention. Id. The court may *impose sanctions* if a party fails to comply with a court order. See Fed. R. Civ. P. 37(b). The plaintiff has not stated that he conferred with the defendants' lawyer before filing his motion. The court has not issued an order directing the defendants to produce discovery. The plaintiff is not entitled to sanctions, and the court will deny his motion asking the court to impose them.

## III. Plaintiff's Motion for Injunctive Relief (Dkt. No. 24)

The plaintiff has filed a motion for injunctive relief and asks for the immediate removal of defendant Nelson from his "post." Dkt. No. 24 at 1. The plaintiff describes an incident involving defendant Nelson that allegedly occurred on April 9, 2026, after which the plaintiff sliced his wrists and arms with a razor until they bled and yelled that he was suicidal. Id. at 3. He asks to be transferred to the Mendota Mental Health Institute or the Wisconsin Resource Center for an evaluation due to ongoing mental health issues, and he states that he fears retaliation from staff in the segregation unit. Id. The plaintiff states that staff are aiding and assisting Nelson by spitting in the plaintiff's food. Id. at 4.

The defendants respond that the plaintiff's new allegations relate to a separate incident and must be brought in a separate case. Dkt. No. 31 at 1. The court agrees. The plaintiff complains about events that do not relate to his excessive force claim against Nelson. The court cannot grant injunctive relief based on allegations that do not relate to his underlying claim in this case. See Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam) (holding

that "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint"). The court will deny the plaintiff's motion.

## IV. Plaintiff's Motion for Extension of Time, Sanctions and Injunctive Relief (Dkt. No. 33)

The plaintiff has filed a combined motion for extension of time to respond to the defendants' motion for partial summary judgment on exhaustion grounds, motion for sanctions for the defendants' failure to provide body camera footage of the April 21, 2025 incident and motion for injunctive relief and restraining order against defendant Nelson. Dkt. No. 33. The plaintiff filed his summary judgment response on May 8, 2028, and his response was timely. Dkt. Nos. 27-30. The court will deny as moot the plaintiff's motion for extension of time.

The plaintiff's motion for sanctions reiterates his assertion that the defendants have not provided video footage of the alleged excessive force incident. Id. at 4. He also reiterates his request for injunctive relief regarding an incident that occurred with defendant Nelson beginning on April 9, 2026. Id. at 1-3. The defendants respond that the plaintiff's motions are duplicative and that the court should deny them. Dkt. No. 38. The court agrees. For the reasons explained above, the court will deny the plaintiff's motions for sanctions and injunctive relief.

## V. Plaintiff's Motion for Clarification (Dkt. No. 35)

The plaintiff has filed a motion seeking clarification as to whether the court received his response to the defendants' motion for partial summary judgment on exhaustion grounds. Dkt. No. 35. As stated above, the court received the plaintiff's response on May 8, 2026 (Dkt. No. 27). The court will grant the plaintiff's motion.

## VI. Plaintiff's Emergency Motion to Compel and Motion for Sanctions (Dkt. No. 39)

The plaintiff has filed a combined emergency motion to compel discovery and for sanctions, and to preserve phone records, text messages and emails. Dkt. No. 39. The plaintiff appears to ask for the preservation of certain medical records that he believes may be related to injuries he received from the alleged excessive force incident. Id. at 1. The plaintiff states that he has not received adequate medical care for his injuries from the incident. Id. at 6. He asks the court to compel the defendants to preserve correspondence between defendant Nelson and ICE Schmude to determine the extent of an alleged conspiracy to cover up these issues. Id. at 7.

The defendants respond that while the plaintiff's motion is difficult to follow, as best that they can tell, he expresses concern about his ongoing health care from non-defendants and seeks to bring a claim of civil conspiracy. Dkt. No. 40 at 1. The defendants state that these new allegations are separate from the plaintiff's claim in this case and that he does not make clear what must be compelled or why the defendants should be sanctioned. Id. The defendants contend that the court should deny the plaintiff's motion to compel and for sanctions. Id.

The plaintiff has not demonstrated that he is entitled to discovery regarding the assertions in his motion, or that he conferred with the defendants' lawyer to try to obtain discovery. He is not entitled to sanctions. The court will deny the plaintiff's motions to compel and for sanctions.

## VII. Conclusion

The court **GRANTS** the defendants' motion for partial summary judgment for failure to exhaust administrative remedies. Dkt. No. 18. The court **DISMISSES** defendants Collin, Martin, Thill and Bloomberg.

The court **DENIES** the plaintiff's motion for sanctions. Dkt. No. 23.

The court **DENIES** the plaintiff's motion for injunctive relief. Dkt. No. 24.

The court **DENIES AS MOOT** the plaintiff's combined motion for extension of time, for sanctions and for injunctive relief. Dkt. No. 33.

The court **GRANTS** the plaintiff's motion for clarification. Dkt. No. 35.

The court **DENIES** the plaintiff's combined emergency motion to compel and for sanctions. Dkt. No. 39.

The court **ORDERS** that the deadline for the parties to complete discovery is **February 12, 2027**, and the deadline for the parties to file motions for summary judgment on the merits is **March 12, 2027**.

Dated in Milwaukee, Wisconsin this 10th day of November, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**